IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DOUGLAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN OF SAN QUENTIN STATE PRISON, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 09-3191 CW (PR)<br><br>ORDER OF SERVICE AND ADDRESSING PENDING MOTIONS<br><br>(Docket nos. 9, 10) |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials at San Quentin State Prison (SQSP) were deliberately indifferent to his serious medical needs when he was incarcerated there in 2009. Plaintiff's motion for leave to proceed in forma pauperis has been granted. He has also filed a "Motion for Subpoena of Medical Records" and a "Motion for Summons and Serving Defendants."

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the warden of SQSP; SQSP Physicians Banks, Garrigan and Tootell; and SQSP Registered Dietician Corazon C. Perea.[1] Plaintiff seeks monetary damages and injunctive relief.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

---

[1] Plaintiff's handwriting is difficult to decipher; therefore, the names of the Defendants, which were taken from his handwritten complaint, may be spelled incorrectly in this Order.

2

II. Legal Claims

    A.    Injunctive Relief

Plaintiff seeks both injunctive relief and monetary damages. However, he is no longer incarcerated at the prison where the alleged violations took place. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. Pub. Utils. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." Flast v. Cohen, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. Id.

When Plaintiff filed the present complaint, he was incarcerated at Mule Creek State Prison (MCSP). Plaintiff has alleged unconstitutional conditions of confinement during the period of his confinement at SQSP, beginning in January, 2009

3

through the date he was transferred to MCSP.[2] Plaintiff seeks injunctive relief in the form of prison officials "excluding fish and nut products from [his] diet." Because Plaintiff has not been incarcerated at SQSP since he has been transferred, his claims for injunctive relief from the conditions of his confinement at SQSP are DISMISSED as moot.[3] The Court reviews Plaintiff's remaining claims for damages.

B.  Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton

---

[2] Plaintiff does not indicate when he was transferred to MCSP.

[3] Moreover, should Plaintiff seek to allege that some or all of his claims extend to the conditions of his confinement at MCSP in Ione, California, those claims must be brought in a separate lawsuit in the United States District Court for the Eastern District of California, the proper venue for claims arising in Amador County, where Ione is located. See 28 U.S.C. § 1391(b); 28 U.S.C. § 84.
    Plaintiff makes no allegations that his claims extend to the conditions of his confinement at SVSP, where he is currently housed.

4

infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff claims that on January 9, 2009, he informed Defendant Banks that he was allergic to fish and nut products. Plaintiff requested a diet that excluded these products. Plaintiff's allegation that he experiences severe allergic reactions to fish and nut products supports an inference that he has serious medical needs. Liberally construed, Plaintiff's allegations that on January 19, 2009, Defendants failed to exclude such products from his diet and that he had to be rushed to the hospital after experiencing an allergic reaction from "ingesting chicken with nuts" state a cognizable deliberate indifference claim against Defendants Banks, Garrigan, Tootell and Perea. (Compl. at 3.) Accordingly, this claim may proceed against these Defendants.

C.   Supervisory Liability Claim

Plaintiff sues the warden of SQSP in the warden's supervisory capacity. Plaintiff does not allege facts demonstrating that the warden of SQSP violated his federal rights, but seems to claim the warden is liable based on the conduct of the warden's subordinates, Defendants Banks, Garrigan, Tootell and Perea. There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed

5

the violations, or knew of the violations and failed to act to prevent them." <u>Id.</u>  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Plaintiff's claim against the warden of SQSP is therefore dismissed with leave to amend.  He may file an amendment to the complaint that alleges supervisory liability, if he truthfully can do so, under the standards explained above.  Plaintiff also must name the warden of SQSP at the relevant time, if he submits his amended supervisory liability claim.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Banks, Garrigan, Tootell and Perea.

2.  Plaintiff's supervisory liability claim against the warden of SQSP is DISMISSED WITH LEAVE TO AMEND as indicated above.

3.  Within <u>thirty (30) days</u> of the date of this Order Plaintiff may file an amended supervisory claim against the warden of SQSP as set forth above in Sections II(C) of this Order.  (Plaintiff shall resubmit only his supervisory liability claim and not the entire complaint.)  Plaintiff must name the warden of SQSP when he submits his amended supervisory liability claim.  The failure to do so will result in the dismissal without prejudice of the supervisory liability claim against the warden of SQSP.

4.  The Clerk shall mail a Notice of Lawsuit and Request for

Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto and a copy of this Order to: SQSP Physicians Banks, Garrigan and Tootell and SQSP Registered Dietician Corazon C. Perea. The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. The Clerk shall mail a copy of this Order to Plaintiff.

     5.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendants will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed,

7

whichever is later.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>ninety (90) days</u> from the date Defendants' answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the

8

>defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, Defendants shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

11. Because the parties have not yet engaged in discovery, Plaintiff's "Motion for Subpoena of Medical Retcords" (docket no. 9) is DENIED as premature.

12. Plaintiff's "Motion for Summons and Serving Defendants" (docket no. 10) is GRANTED.

13. This Order terminates Docket nos. 9 and 10.

IT IS SO ORDERED.

DATED: 5/13/2010

*[signature: Claudia Wilken]*
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BRYON A. DOUGLAS,

        Plaintiff,

  v.

WARDEN et al,

        Defendant.
                                    /

Case Number: CV09-03191 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bryan Anthony Douglas G44753
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1060

Dated: May 13, 2010

                                      Richard W. Wieking, Clerk
                                      By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California