IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ANTHONY DOUGLAS,          ) | No. C 09-3191 LHK (PR) |
| Plaintiff,   ) | ORDER ADDRESSING |
| v.   ) | PENDING MOTIONS |
| DR. BANKS, et al.,   ) | |
| Defendants.   ) | |

　　　Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the San Quentin State Prison and Salinas Valley State Prison for demonstrating deliberate indifference to his fish and nut allergies.  Pending before the Court are Plaintiff's motion for a ruling on his motion for a temporary injunction, motion to resubmit affidavits of Steven V. Banks and Mark Richard Grubb, and motion for entry of default; and Defendants' motion for a stay of discovery pending a ruling on their motion for summary judgment.

A.　　Temporary Injunction

　　　Plaintiff requests a temporary injunction to prohibit Defendants from serving him any fish or nut products because he is allergic to them, and providing instead an appropriate protein substitute.  Defendants shall file a response to Plaintiff's motion for a temporary injunction **no later than February 18, 2011.**  Any reply by Plaintiff shall be filed no later than **fifteen days**

1  thereafter.  Plaintiff's motion to resubmit affidavits of Steven V. Banks and Mark Richard Grubb
2  is GRANTED.
3  B.      Failure to Respond to Request for Admissions
4       Plaintiff also moves for a motion for an entry of default.  The Court construes his motion as
5  a motion to deem his request for admissions admitted.  Specifically, Plaintiff alleges that he sent
6  a request for admissions to Defendant White on November 24, 2010, however, White failed to
7  respond to the request.  White opposes the motion, asserting that the request for admissions was
8  overlooked and requests withdrawal of the admissions under Federal Rule of Civil Procedure
9  36(b).
10      When a party fails to timely respond to requests for admission, those requests are
11 automatically deemed admitted.  *See* Fed. R. Civ. P. 36(a).  "Any matter admitted under this rule
12 is conclusively established unless the court on motion permits withdrawal or amendment of the
13 admission." Fed. R. Civ. P. 36(b).  Withdrawal or amendment is appropriate when
14 (1) presentation of the merits of the action is furthered, and (2) the party who obtained the
15 admission will not be prejudiced in maintaining the action or defense on the merits.  *See* Fed. R.
16 Civ. P. 36(b) .  "[A] district court must specifically consider both factors under the rule before
17 deciding a motion to withdraw or amend admissions." *Conlon v. United States*, 474 F.3d 616,
18 622 (9th Cir. 2007).  Rule 36(b), however, is permissive with respect to withdrawal.  *Id.* at 621.
19      "'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would
20 practically eliminate any presentation of the merits of the case.'" *Conlon*, 474 F.3d at 622
21 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  Here, the admissions go
22 directly to core issues in the litigation, including the ultimate question of liability.  (Decl.
23 Kirschenbauer, Exh. A (Plaintiff's Request for Admissions)).  Thus, the first prong of the Rule
24 36(b) test is met.
25      As to the second prong, Plaintiff has the burden of establishing that he will be prejudiced if
26 the admissions are withdrawn. *Conlon*, 474 F.3d at 622.  "The prejudice contemplated by Rule
27 36(b) is 'not simply that the party who obtained the admission will now have to convince the
28 factfinder of its truth.'" *Hadley*, 45 F.3d at 1348 (quoting *Brook Village North Associates v.*

*Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). "Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (internal quotation marks omitted). A lack of discovery, without more, does not constitute prejudice. *Conlon*, 474 F.3d at 624. Prejudice is more likely to be found where the motion for withdrawal is made during trial or when a trial is imminent. *See id.* at 624; *Hadley*, 45 F.3d at 1348. Plaintiff sets forth no argument that he would be prejudiced if the admissions are withdrawn.

Thus, White's motion to withdraw his admissions is GRANTED, and Plaintiff's motion to deem White's admissions admitted is DENIED.

C.   Motion for Stay of Discovery

Defendants have moved to stay discovery pending a ruling on their motion for summary judgment in which they have raised a qualified immunity defense. The Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The motion is GRANTED. Discovery is now STAYED until the court rules on the pending motion for summary judgment.

This order terminates docket nos. 64, 77, and 93.

IT IS SO ORDERED.

DATED:  __2/7/11_____         _____*Lucy H. Koh*_____
                                        LUCY H. KOH
                                        United States District Judge